UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATHEW ALAN BASTIEN,

        Petitioner,                      Case No. 1:14-cv-322

v.                                           Honorable Paul L. Maloney

CARMEN PALMER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I conclude that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Mathew Alan Bastien is a state prisoner incarcerated with the Michigan Department of Corrections at the Michigan Reformatory. In 2011, following a jury trial in Hillsdale County Circuit Court, Petitioner was convicted of the following: operating a motor vehicle while intoxicated (OWI) causing death, Mich. Comp. Laws § 257.625(4); OWI causing serious injury, Mich. Comp. Laws § 257.625(5); OWI third offense, Mich. Comp. Laws § 257.625(9)(c); failure to stop at the scene of an accident when at fault, resulting in death, Mich. Comp. Laws § 257.617(3); operating on a suspended license causing death, Mich. Comp. Laws § 257.904(4); and operating on a suspended license causing serious injury, Mich. Comp. Laws § 257.904(5). According to Petitioner's MDOC profile,[1] the trial court sentenced him as an habitual offender, Mich. Comp. Laws § 769.11, to the following terms of imprisonment: 17 to 30 years for OWI causing death; 6 to 10 years for OWI causing serious injury; 17 to 30 years for failure to stop at the scene of the accident; 17 to 30 years for operating on a suspended license causing death; and 6 to 10 years for operating on a suspended license causing serious injury.[2]

Petitioner appealed the judgment of sentence and conviction to the Michigan Court of Appeals. In an unpublished opinion dated July 31, 2012, the Michigan Court of Appeals vacated the OWI third offense conviction on double jeopardy grounds, but otherwise affirmed the judgment of conviction and sentence. Petitioner then appealed to the Michigan Supreme Court, which denied

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=388844 (accessed Apr. 16, 2014).

[2] Petitioner also received a sentence for the OWI third offense conviction, but that sentence was vacated on appeal.

leave to appeal on December 26, 2012. Petitioner filed the instant action on or about March 24, 2014, raising the following claims, which he asserts were presented on direct appeal:

> I. Insufficient evidence to support conviction for OWI causing serious injury/operating on [a] suspended license causing serious injury.
>
> II. Improper departure from sentencing guidelines without providing substantial and compelling reasons.

(Pet., docket #1, Page ID##4, 6.)

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). The Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at

655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth by the Supreme Court, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–406). The court may grant relief under the "unreasonable application" clause "if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, 572 U.S. ___, 2014 WL 1612424, at *4 (Apr. 23, 2014) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011)).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and

convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

**Ground One**: **Insufficient Evidence**

In his first ground for relief, Petitioner asserts that there was insufficient evidence to sustain a conviction for OWI causing serious injury and operating on a suspended license causing serious injury. Mich. Comp. Laws § 257.625(5) makes it a crime to operate a motor vehicle while intoxicated and, by the operation of that motor vehicle, cause a "serious impairment of a body function of another person." *Id.* Similarly, Mich. Comp. Laws § 257.904(5) makes it a crime to operate a motor vehicle while a license is suspended or revoked and, by the operation of that motor vehicle, cause a "serious impairment of a body function of another person." *Id.* According to Mich. Comp. Laws § 257.85c, "'serious impairment of a body function' includes, but is not limited to," one or more of the following:

> (a) Loss of a limb or loss of use of a limb.
> (b) Loss of a foot, hand, finger, or thumb or loss of use of a foot, hand, finger, or thumb.
> (c) Loss of an eye or ear or loss of use of an eye or ear.
> (d) Loss or substantial impairment of a bodily function.
> (e) Serious visible disfigurement.
> (f) A comatose state that lasts for more than 3 days.
> (g) Measurable brain or mental impairment.
> (h) A skull fracture or other serious bone fracture.
> (i) Subdural hemorrhage or subdural hematoma.
> (j) Loss of an organ.

*Id.*

Petitioner acknowledges that the victim testified that she was hospitalized for five days, that she suffered "a broken shoulder, three broken toes, a sprained foot, and stitches on her face, head, arm, ear and throat." (Pet'r's Br. in Support of Pet. 10, docket #1-1, Page ID#16.) In addition, a "chunk" was missing from her hip (though it had healed at the time of trial), she could not run, she had a hard time climbing stairs, and her knee hurt if she walked for a long time. (*Id.*) Also, she "did not use" a cane, walker, or crutch to walk. (*Id.*) Petitioner contends, however, that she did not testify to the extent of her broken shoulder and toes. Furthermore, she did not lose a limb, foot, hand, finger, thumb, eye, or ear. She did not suffer a coma or manifest any brain impairment. She did not have any visible disfigurement. She did not experience a skull fracture, the loss of an organ, hemorrhaging, or the loss of a bodily function. In short, Petitioner acknowledges that the victim sustained "many minor injuries" and "[s]ome" that "were more serious," but she did not suffer from any of the conditions in § 257.85c and, thus, there was insufficient evidence to show that her injuries rose to the level of a serious impairment of a body function.

The Michigan Court of Appeals summarized the relevant facts and discussed Petitioner's claim as follows:

> On August 18, 2010, Jennifer Gollnick and her nine-year-old daughter, Amy Gollnick, went for a bicycle ride on a road near their home in Hillsdale County (Tr I, 97). Shortly after they began their ride, a minivan, driven by a man later identified as defendant, struck them from behind (Tr II, 280). Jennifer and Amy were riding on the gravel shoulder on the side of the road at the time of the crash. (Tr I, 99). Pamela Valentine, who lived across the street from where the accident occurred, testified that she heard a loud "thud" as the minivan hit Jennifer and Amy. She also testified that she did not see brake lights on the minivan after the crash, and that the minivan did not slow down as it drove away. (Tr I, 122.)

Jennifer survived the crash, but suffered several injuries. She suffered a broken shoulder, three broken toes, and a severely sprained foot. (Tr I, 104.) She also received stitches on her face, head, arm, and ear. At trial, Jennifer testified that she had a "chunk" of skin missing from her right hip, and that she had a scar on her right hip and on one of her feet. Jennifer was hospitalized for five days following the crash and was unable to walk when she was released. (Tr I, 104-105, 107.) She testified that she was confined to a wheelchair immediately after the accident and that she had to use crutches for several weeks after she got out of the wheelchair. She further testified that, at the time of trial, she was unable to run and she experienced pain while climbing stairs. (Tr I, 106-108.) She also walked with a limp (Tr I, 108).

[D]efendant argues that the evidence produced at trial was insufficient to support his convictions for OWI causing serious injury and driving on a suspended license causing serious injury. These convictions pertain to the injuries suffered by Jennifer. "We review de novo a challenge on appeal to the sufficiency of the evidence." *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "We examine the evidence in a light most favorable to the prosecution, resolving all evidentiary conflicts in its favor, and determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond reasonable doubt." *Id.* at 196. . . .

\* \* \*

We find that the evidence produced at trial was sufficient for a rational jury to find, beyond a reasonable doubt, that Jennifer suffered a serious impairment of a body function. The prosecution presented evidence that Jennifer was temporarily confined to a wheelchair and that she spent several weeks on crutches. The fact that a person requires crutches for a number of weeks demonstrates that the person lost the use of a limb under MCL 257.58c(a). *People v Thomas*, 263 Mich App 70, 77; 687 NW2d 598 (2004) (explaining that an injury need not be permanent and that the victim's use of crutches demonstrated that he lost the use of a limb under MCL 257.58c). Therefore, we find that the evidence was sufficient for a rational jury to find that Jennifer suffered a serious impairment of a body function that would support defendant's conviction for OWI causing serious injury.

. . . Defendant disagrees, and, citing this Court's decision in *People v Vidergar*, unpublished opinion per curiam of the Court of Appeals, issued April 6, 2006 (Docket No. 257867), he argues that Jennifer's injuries were not severe enough to constitute a serious impairment of a body function. In *Vidergar*, this Court found that the prosecution presented sufficient evidence where the victim suffered broken ribs, a spinal column injury, and a pulmonary contusion. *Id.* at 2. Defendant contends that Jennifer's injuries were minor in comparison to the injuries suffered by the victim in *Vidergar*, and therefore, were not sufficient to support the jury's verdict. However,

> *Vidergar* does not support defendant's position because the case does not change this Court's decision in *Thomas*, 263 Mich App at 77, wherein we held that a victim who requires the use of crutches loses the use of a limb under MCL 257.58c(a). Thus, *Vidergar* does not provide support for defendant's position. Moreover, even if it did support defendant's position, the case is not binding precedent because it is an unpublished decision. *People v Green*, 260 Mich App 710, 720 n 5; 680 NW2d 477 (2004); MCR 7.215(C)(1). Accordingly, we reject defendant's argument.

*People v. Bastien*, No. 304817, slip op. at 1-2, 4-5 (Mich. Ct. App. July 31, 2012).

A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Issues of credibility may not be reviewed by the habeas court under this standard. *See Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

The only element of Petitioner's convictions that is at issue is whether the victim sustained a serious impairment of a body function, as defined in Mich. Comp. Laws § 257.85c. The state court determined that the victim's temporary confinement to a wheelchair and her use of crutches for several weeks immediately after the accident qualified as a serious impairment of a body function under the statute. Petitioner points to no evidence suggesting that the court of appeals

erroneously determined the facts regarding the victim's injuries.[3] Instead, he contends that her injuries were legally insufficient to meet the definition in § 257.85c.

Petitioner's claim is not cognizable in these proceedings because it raises only a question of state law. Petitioner cannot seek federal habeas relief based upon his disagreement with the state court's interpretation of the element of a crime as defined in a state statute. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("[a] federal court may not issue a writ on the basis of a perceived error of state law"). A sufficiency-of-the-evidence claim "does not invite federal habeas courts to engage in a substantive analysis of state statutory terms" or "transform[ ] federal habeas courts into super-appellate state courts." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2nd Cir. 2002). The United States Supreme Court "repeatedly has held that the state courts are the ultimate expositors of state law" in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *see also Miller v. Leapley*, 34 F.3d 582, 585 (8th Cir. 1994) ("The essential elements of a state crime are defined by state law."); *Cox v. Maxwell*, 366 F.2d 765, 767 (6th Cir. 1966) ("It is within the province of a state to define crimes and to fix the punishment therefor.").

The state statute requires that the victim must have lost the "use" of a limb. MICH. COMP. LAWS § 257.58c(a). It was undisputed that the victim was confined to a wheelchair and spent several weeks on crutches. The Michigan Court of Appeals ruled that such temporary loss of use of a victim's limbs is sufficient to satisfy the statute. Such holdings of state law on direct review are binding on a habeas court. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). This Court does not have

---

[3]Petitioner's assertion that the victim testified that she "did not use" a cane, walker or crutches and, thus, she "*is* mobile . . . without the help of a cane[,] walker[,] or crutch" (*see* Pet'r's Br. in Supp. of Pet. 10, docket #1-1 (emphasis added)), does not conflict with the state court's finding that she did use a wheelchair and crutches for several days or weeks *immediately after the accident*. Petitioner apparently believes that the statute requires a *permanent* impairment, but the state court held that a temporary impairment is sufficient.

authority to review the state court's interpretation of state law. There is literally nothing further for a habeas court to decide. Thus, Ground One of the petition does not raise a meritorious claim.

### Ground Two: Improper Departure from Sentencing Guidelines

In Ground Two, Petitioner asserts that the state court improperly departed from the sentencing guidelines without providing "substantial and compelling reasons" for doing so. (*See* Pet. 6, docket #1.) Under Mich. Comp. Laws § 769.34(3), a trial court must provide substantial and compelling reasons for departing from state sentencing guidelines. *Accord* Mich. Ct. R. 6.425(E)(1)(e). Whether a sentencing court had substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law that is not cognizable in these proceedings. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (holding that a state court's application of the sentencing guidelines is a matter of state concern only); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "'[F]ederal habeas corpus review does not lie for errors of state law.'" *Id.* at 67 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Thus, Ground Two presents a claim that is not cognizable on habeas review.

**Conclusion**

I recommend that the Court summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.


Dated:   May 14, 2014                              /s/  Joseph G. Scoville
                                                   United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).